OPINION
Appellant Jack K. Beatley appeals a judgment of the Delaware County Court of Common Pleas, Juvenile Division, naming appellee Colleen S. Beatley Block the residential parent of the parties' twin daughters:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN DESIGNATING DEFENDANT AS THE CHILDREN'S RESIDENTIAL PARENT.
 II. THE TRIAL COURT ERRED BY FAILING TO REQUIRE THAT THE CHILDREN BE RETURNED TO THEIR HOME STATE OF OHIO.
 III. THE TRIAL COURT ERRED BY ADOPTING FINDINGS OF FACT THAT ARE NOT SUPPORTED BY THE EVIDENCE.
 IV. THE TRIAL COURT ERRED BY APPOINTING AND REQUIRING THE PARTIES TO PAY FOR A PARENTING COORDINATOR.
Appellant Jack R. Beatley, the paternal grandfather of the girls, appeals a judgment denying him grandparent visitation:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT COMPANIONSHIP RIGHTS TO THE CHILDREN'S GRANDPARENTS, AND IN FAILING TO FIND THAT VISITATION WAS IN THE CHILDREN'S BEST INTERESTS.
Appellant Jack K. Beatley and appellee Colleen Beatley Block are the parents of twin daughters, Alexandria and Victoria, born on August 1, 1992. The parties were divorced in Florida on March 27, 1998. Following the finalization of the Florida divorce, appellant instituted the instant action by filing a complaint in the Delaware County Common Pleas Court, Juvenile Division, for custody of the girls and child support. The case proceeded to trial. On March 1, 1999, the court ordered that appellee be the residential parent of the twin girls. The court found that appellee had good cause and motivation to avoid living in central Ohio, as she experienced a great deal of aggravation after separating from appellant. The parties had a history of extensive conflict, including physical confrontation, surveillance, searching of appellee's trash, and appellee receiving cockroaches in the mail. The court further concluded that appellee's marriage to Jarrod Block was healthy and stable, and the court would not require her to move back to Ohio. The court concluded that it was in the best interest of the children to live with their mother in Florida. The court ordered all parties into counseling, as for the benefit of the children, the parties needed to take steps to normalize their relationship. The court overruled the paternal grandfather's motion for visitation. We first address the assignments of error raised by appellant Jack K. Beatley, the natural father of the girls.
 I
In his first assignment of error, appellant argues that the court erred in designating appellee as the children's residential parent. Appellant argues that the court failed to consider certain factors in allocating parental rights and responsibilities. Appellant argues that the court did not consider the fact that appellee concealed the children from him, and alienated the children from him, and did not consider the effect of these two factors on other relevant factors. R.C. 3109.04 (F)(1) sets forth relevant factors which the court is to consider in allocating parental rights and responsibilities. It is apparent from the court's judgment that it considered each of the relevant statutory factors, specifically setting forth its consideration of such factors on page two of the judgment entry. Appellant argues that appellee twice moved the children to a new state, and concealed them from him. Both parties presented evidence that the other party engaged in behavior designed to keep the girls from visiting with the other parent. After considering all of the evidence, and the conduct of both parents, it is apparent that the court found both appellant and appellee were to blame. The court found that both parents have at times failed to facilitate visitation, and deny visitation by manipulative allegations and interference. The court noted that appellant accused appellee of kidnaping, and appellee suggested the potential for domestic violence by appellant. The court specifically found the evidence was not adequate for the court to consider these issues in its decision. The court did not abuse its discretion, based on evidence of attempts by both parties to interfere with the right of the other to see the children, in finding both parties at fault. Appellant also argues that the court failed to find that appellee engaged in alienating the girls from their father. The court found that both parties had engaged in behavior attempting to undermine the other's relationship with the children. The court attempted to deal with the parental alienation issue by ordering all parties into counseling. The court did not abuse its discretion in naming appellee the residential parent, as there was evidence of both parties engaging in alienation. Finally, appellant claims that the abduction, concealment, and alienation of the girls from him taints every other relevant factor concerning custody. As discussed previously, the evidence and findings of the court reflect that both parents had engaged in interfering with the other's relationship with the children. Therefore, to the extent that appellee's conduct impacted the other factors for determining custody, appellant's conduct would also have such an impact. Appellant has not demonstrated that the court abused its discretion in naming appellee the residential parent. The first assignment of error is overruled.
 II
Appellant argues that the court erred in failing to require that the children be returned to Ohio. We note at the outset that this not a case where a child has been relocated after a final custody determination. The court found that appellee had a good reason to avoid living in Ohio, and for moving to Florida. There was evidence that after running into appellant at a Columbus restaurant, a large "A" with a circle around it had been scratched onto the hood of her car, and the side of the car had been keyed. Appellant regularly referred to appellee as an adulteress. While appellee was living in Ohio, her mail was stolen. Appellant admitted that he had appellee under surveillance for a time. He admitted to picking up her trash, and having other people pick up her trash, so that he could gain information to use to impeach her testimony during the pending litigation. Appellant obtained a carbon of faxes that were sent to appellee by her attorney. A person who knows appellant sent a tin full of cockroaches to appellee on appellant's behalf. In light of the on-going conflict occurring while appellee lived in Ohio, the court did not err in concluding that appellee had good cause for moving to Florida, and her residential status should not weigh against her in the custody decision. The second assignment of error is overruled.
 III
Appellant argues that the court abused its discretion by finding that no evidence of the physical health of the persons involved was presented, and the court erred in finding that appellee was left destitute for lack of child support. Appellant argues that there was testimony before the court that appellee's husband, Jarrod Block, had several medical conditions which were exacerbated by the stress of the current litigation. While appellant argues that the court found that no evidence was introduced regarding the physical health of all persons involved, this claim is without merit. The court found that the mental and physical health of persons involved was not a factor considered by the court, because there was no evidence presented which was cause for the court to consider the same in rendering its decision. Judgment entry, page two. It is apparent that the court did not simply ignore the evidence regarding Jarrod Block's health, but found that the problems did not rise to the level where the court felt they would impact the best interest of the children. Appellant disputes the court's finding that he underpaid child support to appellee. According to appellant, the court ignored appellee's failure to pay child support to him. Appellant also argues the court erred in finding that appellee was left destitute by his failure to pay more than a token of the support ordered in the Franklin County proceedings in December of 1994. The court found that appellant was ordered to pay support in the amount of $4,300. Over a period exceeding three years, appellant paid approximately $9,000. The court found that the amount paid by appellant was sufficient solely to make his consent to adoption necessary, but not enough for appellee to take care of the girls. Counsel for appellant stipulated at trial that he failed to comply with the court order. Tr. (III) 84. While appellant argues that he was unable to pay, there was evidence presented that his net worth was approximately $6,000,000. As to appellant's claim that appellee failed to pay child support to him, there is evidence that on June 8, 1999, a magistrate in Delaware County put on an ex parte order ordering appellee to pay child support of $50.00. While there is some confusion procedurally in the subsequent entries issued by the court, it is apparent that the child support order was vacated shortly thereafter, and no subsequent order reinstated child support. Appellant has not demonstrated that the court abused its discretion in its findings concerning the issue of child support. The third assignment of error is overruled.
 IV
Appellant argues that the court abused its discretion by appointing a parenting coordinator to resolve visitation conflicts after entry of the final decree. Appellant argues that the court did not have the authority to delegate its authority to monitor custody and visitation. Appellant has not demonstrated that the court abused its discretion in ordering the appointment of a parenting coordinator to work with the parties on stabilizing their relationship as it relates to the children. It is apparent from the order that the court did not abdicate any judicial responsibility to the parenting coordinator. In Section 4.6, the court states that the parenting coordinator does not have authority to evaluate custody. In Section 4.5, the order states that the parenting coordinator's fundamental role is to minimize the conflict to which the children are exposed by the parties. Given the history of discord between the parties, appellant has not demonstrated error in the appointment of a neutral person to assist the parties in minimizing conflict. In addition, appellant has demonstrated no prejudice from the appointment of the parenting coordinator. The record does not demonstrate that the coordinator has usurped the role of the trial court. It is apparent from the record that after the March 1, 1999, judgment, appellant has filed several motions regarding the children, including a motion to change custody, and the trial court has ruled on every motion. The fourth assignment of error is overruled.
We next turn to the assignment of error raised by appellant Jack R. Beatley, the paternal grandfather of the girls.
 I
Appellant argues that the court erred by failing to grant him companionship rights with the children, and by failing to find grandparent visitation is in the best interest of the children. R.C. 3109.05.1 (B) (1)(c) provides that a trial court must determine whether grandparent visitation rights are in the best interest of the children. There was evidence presented that when Jack K. Beatley has the children, he makes them available to his father, as much as possible. Appellant Jack R. Beatley testified that he sees and spends time with the girls when they are with their father. Based on the evidence presented in the case, the court found that visitation with their grandfather would not be in their best interest, as to require time for visitation by the grandfather in addition to the father would constitute too much time away from the residential parent. The court concluded that the children definitely needed to have one home, one community, one school, and a predictable routine. Judgment, page 8. The court did not abuse its discretion in concluding that visitation by the paternal grandfather, in addition to the father's visitation, would be too time demanding for the children. Further, the court ordered that if the paternal grandfather requests an occasional day visit or overnight visit at the mother's community, with adequate advance notice, appellee must comply. Appellant has not demonstrated that the court abused its discretion in failing to grant grandparent visitation. The assignment of error is overruled.
The judgment of the Delaware County Common Pleas Court, Juvenile Division, is affirmed.
Edwards, J., and Reader V. J., concur